# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO D.D.; S.D. AND J.D., MINOR CHILDREN.

No. 69068

SUZANNE J.,
Appellant,
vs.
WASHOE COUNTY DEPARTMENT OF SOCIAL SERVICES,
Respondent.

FILED

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order terminating appellant's parental rights as to three of her minor children. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

The children were removed from the home because of appellant's drug use and failure to meet the children's needs. Nine months after the children were removed, respondent filed a petition to terminate appellant's parental rights as to the three children. After a trial, the district court entered an order terminating appellant's parental rights finding that the children's best interests would be served by termination of appellant's parental rights as well as three grounds of parental fault including abandonment, neglect, and risk of serious injury if the children were returned to the home. This appeal followed.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105 (1999); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of

16-23579

law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Having considered the parties' arguments and the record on appeal, we conclude substantial evidence does not support the district court's findings regarding parental fault. While there was a presumption that appellant abandoned the children pursuant to NRS 128.012(2) because she did not provide for the children's care or communicate with the children for a period of six months, the record demonstrates that appellant rebutted that presumption by demonstrating that she did not have a settled purpose "to forego all parental custody and relinquish all claims to the child[ren]." NRS 128.012; *In re N.J.*, 116 Nev. at 803-04, 8 P.3d at 134-35 (explaining that the application of the statutory presumption of abandonment is not discretionary, and once it is applied the parent has the duty to prove that he or she did not intend to abandon the child). Appellant repeatedly requested visitation with the children from November 2014 through May 2015 and was denied that visitation. She provided them letters and gifts. Further, while appellant failed to complete four consecutive therapy sessions prior to her visitation with the children, as requested by respondent, that requirement was never approved by the court and the suggestion that family therapy was even necessary was based, at least in part, on the permanency plan being changed from reunification to termination, which occurred only four months after appellant was provided a case plan. Accordingly, substantial evidence does not support the district court's finding that appellant intended to abandon her children and the district court erred by

concluding that respondent established abandonment as a ground of parental fault by clear and convincing evidence.

Additionally, substantial evidence does not support the district court's finding that the children were neglected at the time of trial. The record demonstrates that prior to January 2015, appellant had neglected the children by failing to provide proper parental care by reason of her fault or habits because of her drug addiction. At the time of the trial in August 2015, however, appellant had been drug-free for over eight months, she was caring for her newborn son, who had never been removed from her care, and was enjoying overnight visitation with her other son and appeared to be moving toward reunifying with him. While appellant was not employed at the time of trial, she did testify that she had recently had a very promising job interview and that she was residing in adequate housing for the children. Furthermore, because the three children receive $966 monthly in death benefits, appellant would be able to use those funds to help her provide adequate care for the children. Thus, while the children had been previously neglected by appellant, at the time of trial, respondent failed to demonstrate by clear and convincing evidence that the children would be neglected if returned to appellant's care.

Similarly, there is not substantial evidence demonstrating that the children were at a serious risk of injury if returned to appellant's care. NRS 128.105(2)(e) (1999) recognizes that parental fault may be established if there is a "[r]isk of serious physical, mental or emotional injury to the child if the child were returned to, or remains in, the home of his or her parent." Appellant never abused the children and because at the time of trial she had been drug-free for over eight months and had an adequate home for the children, there was not a serious risk of injury to

the children if they were returned to her care at that time. Therefore, none of the district court's parental fault findings are supported by substantial evidence and the district court erred by terminating appellant's parental rights.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. Egan K. Walker, District Judge
Washoe County Public Defender
Washoe County District Attorney
Washoe District Court Clerk

---

[1]Because substantial evidence does not support the district court's conclusion that respondent established parental fault, we do not need to reach the issue of whether the termination of appellant's parental rights was in the children's best interest. NRS 128.105.